**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ROBERT C. PECK,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE 1, *et al.*,<br><br>Defendants. | No. 2:26-cv-293-JAW |

**MOTION TO STAY RESPONSE DEADLINES**
**FOR DEFENDANTS JOHN DOE 1 AND JOHN DOE 2**

The United States of America, by and through undersigned counsel, respectfully moves this Court to stay the October 16, 2026, deadline (ECF No. 20), for the officer defendants to respond to the First Amended Complaint, pending this Court's disposition of the government's motion to substitute (ECF No. 25). Counsel for Plaintiff Robert Peck opposes this motion.

The grounds for this motion are as follows:

1. Plaintiff Robert Peck filed the operative complaint in this case on August 3, 2026. *See* ECF No. 6. In that complaint, Mr. Peck brings claims against Officers Nicholas Lapointe and Christopher Semler under the Maine Civil Rights Act (MCRA) only, *see* ME. REV. STAT., tit. 5, § 4682(1-A), and he brings separate claims against the United States under the Federal Tort Claims Act (FTCA). *See id.*, Counts I, II, & III. Mr. Peck's claims arise out of a roadway encounter on the morning of January 22, 2026, during which Officers Lapointe and Semler warned Mr. Peck not to follow them in his motor vehicle while the officers were performing their duties as officers for the U.S. Department of Homeland Security, Immigration and Customs Enforcement.

2. Officers Lapointe and Semler were served, and their response to the operative complaint is due on October 16, 2026. *See* ECF No. 20.

3. On October 9, 2026, the United States filed a notice of substitution as the defendant for Officers Lapointe and Semler for the claims asserted against them in the complaint. *See* ECF No. 25. As the United States explained, the FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (also known as the Westfall Act), provides that a suit against the government under the FTCA shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. *See* 28 U.S.C. § 2679(b)(1). The FTCA and Westfall Act provide that, upon certification, any civil action or proceeding commenced upon such a claim and arising under state law shall be deemed an action against the United States, and the United States shall be substituted as the defendant with respect to those claims. 28 U.S.C. § 2679(d)(1), (2); *see Gross v. Griffin*, 800 F. Supp. 2d 293, 301 (D. Me. 2011) ("[I]ndividual federal officers ordinarily enjoy a form of immunity from individual liability because the Federal Tort Claims Act's 'Westfall' provisions authorize the United States to be substituted as the defendant and the remedy against the United States is made exclusive."). The government's position is that Mr. Peck's MCRA claims against Officers Lapointe and Semler fall under this exclusive remedy provision, not the Westfall Act's "exception for *Bivens* claims." *Hui v. Castaneda*, 559 U.S. 799, 807 (2010); *see* 28 U.S.C. § 2679(b)(2)(B); ECF No. 25 ¶¶ 2–4.

4. The Attorney General's designee thus certified that Officers Lapointe and Semler were federal employees and acting within the scope of their office or employment at the time of the incident out of which Mr. Peck's claims arise, and therefore the government was substituted as the defendant for Mr. Peck's MCRA claims. *See* ECF No. 25 ¶¶ 4–6.

5. As the government noted, this substitution "occurs by operation of law." *Id.* ¶ 4. It

does not require a motion. *See* 28 U.S.C. § 2679(d)(1) ("upon certification," the United States "shall be substituted as the party defendant"); *Osborn v. Haley*, 549 U.S. 225, 252 (2007) ("[U]pon certification, the action is 'deemed to be . . . brought against the United States,' unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." (quoting 28 U.S.C. § 2679(d)(1)-(3))).

6. Based on that understanding, the United States styled its filing as a notice and did not file any memorandum in support thereof or significantly brief any issues that might be raised because it is for the plaintiff to file a motion challenging substitution. *See Velez-Diaz v. Vega-Irizarry*, 421 F.3d 71, 75 (1st Cir. 2005) (noting "certification is sufficient to substitute the United States as defendant and dismiss the federal employees from the case," but that "the certification is 'provisional and subject to judicial review'"); *Davric Maine Corp. v. U.S. Postal Serv.*, 238 F.3d 58, 65 (1st Cir. 2001) (noting that "[o]nce such a certification is made, the court dismisses the federal employee from the case, and substitutes the United States as defendant," but that plaintiffs can "challenge the certification," which is "subject to judicial review"). In particular, a plaintiff usually moves "to strike the substitution." *Davric*, 238 F.3d at 65.

6. Plaintiff has not moved to strike the substitution, although his complaint makes arguments that he will likely raise in a forthcoming challenge. *See* ECF No. 6 ¶¶ 152–57.

7. Based on its understanding of the filed notice, the United States thereafter moved to dismiss both Mr. Peck's FTCA claims and his MCRA claims, for which the government was substituted as the party defendant. *See* ECF No. 26.

8. On October 13, 2026, this Court entered an order modifying the notice of substitution to "reflect it is a Motion to Substitute Party and not" a notice. *See* ECF No. 27. The Court accordingly set a deadline for Mr. Peck to respond to the substitution by October 30, 2026.

9. The reframing of the issue raises the specter of whether the current party-defendant for Mr. Peck's MCRA claims is the United States or the two defendant officers.

10. Mr. Peck has taken the position that substitution is improper because his MCRA claims against the officers fall under the Westfall Act's "exception for *Bivens* claims." *Hui*, 559 U.S. at 807; *see* 28 U.S.C. § 2679(b)(2)(B).

11. The issue here, however, is not whether substitution is proper, but who is currently the party defendant in the interim while Mr. Peck challenges substitution. As discussed, the law is clear that, because the government has certified and substituted itself for Mr. Peck's MCRA claims, the government is the current defendant for those claims.

12. Resolution of the substitution issue is thus a threshold issue that is ancillary to a responsive pleading by Officers Semler and Lapointe. For example, if the substitution is upheld, the Officers are not defendants, and there is no need for them to file a responsive pleading or motion to dismiss the claims against them. As well, resolution of the substitution issue also may bear upon arguments raised in the United States' motion to dismiss, in particular its motion to dismiss Mr. Peck's MCRA claims. *See* ECF No. 26.

13. Accordingly, and out of an abundance of caution, the United States moves to stay any response deadline for Officers Lapointe and Semler until this Court resolves Plaintiff's forthcoming challenge to its substitution notice.[1]

For the foregoing reasons, the United States respectfully requests that this Court stay any deadline for Officers Lapointe and Semler to respond to the complaint until it has conclusively

[1] The undersigned do not currently represent Officers Lapointe or Semler. However, Department attorneys may, as here, request to extend (or stay) a response deadline for a federal employee "to preserve the status quo, provided the motion makes it clear the Department attorney is appearing for that limited purpose." Justice Manual 4-5.410, 4-5.412, *available at* https://www.justice.gov/jm/jm-4-5000-tort-litigation.

resolved the government's substitution of itself as the party-defendant for the claims against the two officers under the Westfall Act.

Dated: October 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JONATHAN D. GUYNN
Deputy Assistant Attorney General
Torts Branch

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ Connor J. Hackert*
CONNOR J. HACKERT
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4332
Email: connor.hackert@usdoj.gov

*/s/ Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 598-3888
Email: joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, a copy of foregoing filing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing Parties may access this filing through the Court's CM/ECF System.

*/s/ Connor J. Hackert*
CONNOR J. HACKERT
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4332
Email: connor.hackert@usdoj.gov

*Counsel for Defendant United States*