**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| ROBERT C. PECK,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | No. 2:26-cv-293-JAW |

**UNOPPOSED MOTION TO ENLARGE PAGES FOR THE UNITED STATES RESPONSES TO PLAINTIFF'S OBJECTIONS TO THE WESTFALL ACT SUBSTITUTION AND THE MOTION TO DISMISS**

The United States of America, through undersigned counsel, respectfully moves for a four-page enlargement for each its two upcoming reply briefs, the reply in support of its notice of substitution, ECF No. 25, and the reply in support and of its motion dismiss, ECF No. 26. Granting the motion would enlarge the page limit for the substitution reply to 19 pages (from 15) and for the motion to dismiss reply to 15 pages (from 11). Plaintiff does not oppose the request. As detailed below, good cause exists for both requests.

The grounds for enlarging the page limit for the reply in support of substitution are as follows:

1. Plaintiff Robert Peck filed the operative complaint in this case on August 3, 2026. *See* ECF No. 6. In his complaint, Mr. Peck brought claims against federal officers Nicholas Lapointe and Christopher Semler under the Maine Civil Rights Act (MCRA), *see* ME. REV. STAT., tit. 5, § 4682(1-A), and claims against the United States under the Federal Tort Claims Act (FTCA). *See id.*, Counts I, II, & III.

2. On October 9, 2026, the United States filed a 2-page notice of substitution as the

defendant for officers Lapointe and Semler for the MCRA claims asserted against them in the complaint pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 § 5, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (also known as the Westfall Act). *See* ECF No. 25. That same day, the United States also filed a corresponding motion to dismiss all claims asserted against it. *See* ECF No. 26.

3. On October 13, 2026, this Court modified the substitution notice "to reflect it is a Motion to Substitution Party." ECF No. 27.

4. Had the government known before filing that the notice would be converted to a motion, it could have filed a corresponding 20-page brief in support of the motion. But the government did not and therefore did not have an opportunity to set forth the basis for its position.

5. Counsel for Plaintiff and the government previously agreed to an enlargement of pages for the government's reply to be up to 15 pages, *see* ECF Nos. 32–33, but that agreement came before Plaintiff filed a 20-page objection to the substitution motion. *See* ECF No. 34. It was unclear to the government that Plaintiff's objection would treat the motion as dispositive under this Court's local rules. *See* District of Me. L.R. 7(d)(1) (allowing 10-page briefs for non-dispositive motions and 20-pages briefs for dispositive motions). But the government now agrees with Plaintiff's understanding of the motion as dispositive.

6. The government also endeavored to confine its brief to 15 pages but is unable to do so without sacrificing or adequately exploring arguments in support of its substitution motion.

7. This request will not prejudice Plaintiff because the United States could have filed an initial 20-page brief in support of its notice (in addition to a 7-page reply) if it had known that the notice would be converted to a motion. *See* District of Me. L.R. 7(d)(1).

The grounds for enlarging the page limit for the reply in support of the motion to dismiss are as follows:

8. On October 28, 2026, the Court granted a joint motion which, among other things, enlarged the page limit for the reply brief in support of the motion to dismiss to 11 pages. ECF Nos. 32–33. The underlying request reflected undersigned counsel's best effort to anticipate the arguments in the objection.

9. On November 16, 2026, Plaintiff filed his objection to the motion to dismiss. ECF No. 36. Upon review of the objection, the United States believes that it cannot adequately respond to the Plaintiff's objection within 11 pages. Plaintiff makes novel arguments that require significant analysis. These include different legal tests for his common law and constitutional claims.

10. Granting the United States an additional four pages will not prejudice Plaintiff. His objection was 30 pages and a response half that length is not unwarranted under the circumstances.

For the foregoing reasons, the United States respectfully requests that this Court grant an enlargement of four pages for each of its two upcoming reply briefs, enlarging the page limit for the substitution reply to 19 pages (from 15) and for the motion to dismiss reply to 15 pages (from 11).

Dated: November 23, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

PAUL E. WERNER
Assistant Director, Torts Branch

*/s/ Connor J. Hackert*
CONNOR J. HACKERT
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 616-4332
Email: connor.hackert@usdoj.gov

*/s/ Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
Trial Attorney
United States Department of Justice
Torts Branch, Civil Division
P.O. Box 7146, Ben Franklin Station
Washington, D.C. 20044-7146
Tel: (202) 598-3888
Email: joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2026, a copy of foregoing filing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing Parties may access this filing through the Court's CM/ECF System.

*/s/ Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
Trial Attorney